UNITED STATES DISTRICT COURT   JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-9623-MWF (Ex) | Date:  January 4, 2021 |
| Title:  Joseph R. Meehan v. Pelle Tsichlis | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: DEFENDANT'S MOTION TO DISMISS [9]

Before the Court is Defendant Pelle Tsichlis's Motion to Dismiss, filed on November 18, 2020. (Docket No. 9). Plaintiff Joseph Meehan filed an opposition on November 30, 2020. (Docket No. 12). Defendant filed a reply on December 7, 2020. (Docket No. 16).

The Court has read and considered the papers filed in connection with the motions and held a telephonic hearing on December 21, 2020, pursuant to the General Order 20-09 and the Continuity of Operations Plan ("COOP"), effective December 9, 2020, through and including January 8, 2021, arising from the COVID-19 pandemic.

For the reasons set forth below, the Motion is **GRANTED**. Plaintiff has failed to demonstrate that Defendant's alleged actions were purposely aimed at California. Specifically, the Ninth Circuit in *Axiom* determined that a general blast to the Internet does not create personal jurisdiction in the plaintiff's home state. If accepted, Plaintiff's argument would ultimately require a ruling that *Walden* was incorrectly decided.

## I.   BACKGROUND

Plaintiff commenced this action on October 20, 2020, with the filing of the Complaint. (*See generally* Complaint (Docket No. 1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-9623-MWF (Ex)                              Date:  January 4, 2021
Title:      Joseph R. Meehan v. Pelle Tsichlis

Plaintiff has been an independent professional wrestler for the past twenty years. (Declaration of Joseph R Meehan ("Meehan Decl.") ¶ 7 (Docket No. 13). Plaintiff is a citizen of California. (*Id.* ¶ 1). Plaintiff's professional wrestling pseudonym or persona is "Joey Ryan." (*Id.* ¶ 3). His character Joey Ryan has gained widespread popularity. (*Id.* ¶¶ 5-13). Plaintiff owns a business called Bar Wrestling that uses Southern California venues to hold its wrestling shows. (*Id.* ¶¶ 11, 25-28).

Defendant is wrestler who lives in Pennsylvania. (Complaint ¶ 4). Plaintiff alleges that Defendant used his Twitter account to send a thirty-seven minute video disparaging Plaintiff and calling on people to destroy Plaintiff's business. (*Id.* ¶ 113).

Based on these facts, Plaintiff brings eight claims:  (1) libel; (2); libel per se; (3) trade libel; (4) false light; (5) intentional interference with prospective economic advantage; (6) negligent interference with prospective economic advantage; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress. (*See generally id.*). Plaintiff seeks economic and non-economic damages, as well as injunctive and declaratory relief. (*Id.*).

## II.  LEGAL STANDARD

Rule 12(b)(2) governs dismissal for lack of personal jurisdiction. "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). The Court may consider evidence presented in declarations or affidavits to assist it in its determination and may order discovery on the jurisdictional issues. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit, but [it] resolve[s] factual disputes in the plaintiff's favor." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotation marks and citations omitted). Because the Motion is based on written materials rather than an evidentiary hearing, "[P]laintiff need only make a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-9623-MWF (Ex) | **Date:** January 4, 2021 |
| **Title:** Joseph R. Meehan v. Pelle Tsichlis | |

prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

### III. DISCUSSION

Defendant argues that he is entitled to dismissal from this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, arguing that the Court lacks specific jurisdiction over him. (Motion at 12). The parties do not dispute that the court lacks general jurisdiction over Defendant. (Opposition at 3).

In the Ninth Circuit, courts will exercise specific jurisdiction over a non-resident defendant only when three requirements are satisfied:

> (1) the defendant either "purposefully directs" its activities or "purposefully avails" itself of the benefits afforded by the forum's laws; (2) the claim "arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it is reasonable."

*Williams*, 851 F.3d at 1023 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)) (alterations omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

With respect to the first prong, purposeful direction, the analysis focuses on "whether a defendant 'purposefully direct[s] his activities' at the forum state." *Mavrix* 647 F.3d at 1228. Courts in the Ninth Circuit apply the "effects" test, which examines whether the Defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) which caused harm that the defendant knew was likely to be suffered in the forum state. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-9623-MWF (Ex)                              Date:  January 4, 2021
Title:      Joseph R. Meehan v. Pelle Tsichlis

    Plaintiff argues that Defendant's social media posts were directed at Meehan and Bar Wrestling and were therefore were expressly aimed at California. (Opposition at 4-5). Specifically, Plaintiff produces a transcript of a video posted by Defendant in which Defendant calls on people in the wrestling industry to boycott and speak out against Plaintiff:

> If you consider yourself a leader, if you consider yourself the man in the locker room, the guy who keeps it together, then I'm calling on you right now. I'm calling on people like Chris Dickinson, Erick Stevens, Rickey Shane Page, Rhett Titus, people that have been around for a while now, people that have been in these locker rooms, people that know what I'm talking about, that when they see something, they are going to stop it. I'm calling on people that have been around Joey Ryan. I'm calling upon people who have been around, supported and have been friends with Joseph Meehan in the past. I'm calling on people like Dave Prazak, I'm calling on Allison Danger, I'm talking on, I'm calling on Steve Corino, I'm calling on Excalibur, I'm calling on Super Dragon, The Young Bucks, all of Pro Wrestling Guerrilla, buy him out. I'm calling on Colt Cabana and Marry DeRosa.
>
> . . .
>
> ***Actually keep him out of wrestling***. I'm calling on promotions. I'm calling on promoters. I'm calling of Brett Lauderdale of Game Changer Wrestling and on that note, Nick Gage, you're a leader. If you see him in a locker room, take out the trash. I'm calling on Danny Demanto of ICW New York. I'm calling on AAW in Berwyn, IL. I'm calling of John Thorne of Absolute Intense Wrestling. I'm calling on Mikey from Black Label Pro Wrestling. I'm calling on Matt Knicks and Ethan Page from Freelance Pro Wrestling. I'm calling on Drew Corderio from Beyond Wrestling. I'm calling on Rockstar Pro Wrestling. I'm calling on my friends at the ECWA. I'm calling on my friends at On Point Wrestling. I'm calling on my friends at PWE all on the east coast. I'm calling on Gerard Durling on Independent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-9623-MWF (Ex)                    Date:  January 4, 2021
Title:     Joseph R. Meehan v. Pelle Tsichlis

> Wrestling dot TV.  Do the right thing.  I'm calling on Conrad Thompson. ***Conrad, don't ever let this man at a convention, don't ever let this man on one of your podcasts, don't ever let this man have access to money from the professional wrestling business ever again***.  It's about God damn time.  If everyone comes out here and says these things all gathered out in the open.  Everyone that I just called upon, all those promotions that I just called upon, I wanna see some unity on this.  I wanna see people make statements on this.  ***Joseph Meehan will never set foot in your rings again***.

(Meehan Decl., Ex. 6 at 9-10).  Plaintiff also presents numerous screenshots of Defendant's tweets in which Defendant asks people in the wrestling industry to stop doing business with Plaintiff:




(*Id.*, Exs. 1, 4).

   Defendant argues that he directed his speech at a wide range of people and businesses in different states and that Plaintiff has failed to show that Defendant purposefully directed his speech at California.  (Reply at 16).

   *Axiom* is instructive.  874 F.3d 1064.  In *Axiom*, Plaintiffs were suppliers and producer of organic foods doing business in California and defendant was a company located in the United Kingdom.  *Id.* at 1066.  Defendant emailed 343 newsletters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-9623-MWF (Ex) | Date:  January 4, 2021 |
| Title:    Joseph R. Meehan v. Pelle Tsichlis | |

containing two logos for which plaintiffs subsequently filed copyright applications.  *Id.*  Only ten of the newsletters were sent to California businesses.  *Id.*  Plaintiffs filed a complaint for copyright infringement and defendant moved to dismiss for lack of personal jurisdiction.  *Id.*

The court emphasized the impact of the Supreme Court's decision in *Walden*, explaining that "the Supreme Court rejected our conclusion that the defendants' knowledge of [the plaintiffs'] strong forum connections, plus the foreseeable harm the plaintiffs suffered in the forum, comprised sufficient minimum contacts."  *Id.* at 1070-71 (internal quotation marks omitted) (quoting *Walden v. Fiore*, 571 U.S. 227, 289 (2014)).  "Following *Walden*, we now hold that while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires."  *Id.* at 1070.  "[W]e must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum."  *Id.*

The court determined that the plaintiff's allegation that fifty-five companies in California received the newsletter did not support jurisdiction because the contact had to be with the forum state itself, not individuals who reside in the forum state.  *Id.*  "[A]ny California contacts [Defendant] created by sending a single newsletter to 55 recipients of unknown residence are too attenuated and isolated to support the exercise of jurisdiction."  *Id.* (citations and internal quotations marks omitted).

The court also rejected the plaintiff's argument that the harm to plaintiff in California was foreseeable because 144 of the email addresses belonged to "'actual or potential partners, customers, or suppliers,'" reasoning that foreseeability of harm in a forum is constitutionally insufficient to support jurisdiction.  *Id.*  The court concluded personal jurisdiction was lacking because California was not the "focal point" of the newsletters and the harm suffered.  *Id.* at 1070-71.

Here, like in *Axiom*, Defendant directed his activities at a wide range of recipients of unknown residence.  (*See* Meehan Decl. Exs. 1-6).  Plaintiff asserts that "he has personal knowledge" that many of the recipients "do business in the State of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-9623-MWF (Ex)			Date:  January 4, 2021
Title:	Joseph R. Meehan v. Pelle Tsichlis

California." (Meehan Decl. ¶ 21).  This falls short of establishing that Defendant specifically targeted the forum of California.  *See Axiom*, 874 F.3d at 1070 ("As required, we focus on the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.") (citation and internal quotation marks omitted).  Plaintiff himself emphasizes he has widespread popularity and has "performed in twelve countries and over half of the United States." (Complaint ¶ 17).  He asserts that Defendant's statements "would be read by hundreds to thousands" of Twitter's "members and subscribers located worldwide." (*Id.* ¶¶ 128, 129).  The fact that a few dozen recipients of Defendant's tweets are known to do business in California is not enough to show individualized targeting.

At the hearing, Plaintiff maintained that this Court has personal jurisdiction over Defendant because it was foreseeable that Defendant's conduct would cause harm in California, where Plaintiff's business is located.  However, the *Axiom* court rejected a nearly identical argument, explaining that "the fact that 144 email addresses belong to Appellants' actual or potential partners, customers, or suppliers [does not] compel a different result.  The foreseeability of injury in a forum is not a sufficient benchmark for exercising personal jurisdiction." *See Axiom*, 874 F.3d at 1070 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotation marks omitted).

The facts here are analogous to the facts of *Axiom* and the Court reaches the same result.  Any California contacts that Defendant created by tweeting broadly to "hundreds to thousands" of people of unknown residence are too attenuated and isolated to support the exercise of jurisdiction.  (*Id.* ¶ 129); *see Axiom*, 874 F.3d at 1070.  Put simply, Plaintiff has failed to show that California was the focal point of Defendant's statements.  *Id.* at 1070-71.  The Court therefore determines that Plaintiff has failed to show that Defendant's wide-reaching statements were expressly aimed at California.

Plaintiff requests that the Court transfer the action to the Eastern District of Pennsylvania.  (Opposition at 11).  As Defendant acknowledges in his reply, the question of whether transferring a case under 28 U.S.C. § 1631 for lack of personal jurisdiction is unsettled in the Ninth Circuit.  (Reply at 19).  The law's being unsettled,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 20-9623-MWF (Ex) | **Date:** January 4, 2021 |
| **Title:** | Joseph R. Meehan v. Pelle Tsichlis | |

however, also means that no Ninth Circuit case forbids a transfer, and Third Circuit law does not appear to forbid the transfer either. Because transfer is the sensible thing to do and Defendant can have no objection to being sued in his own forum, the Court will order the transfer.

## IV.   CONCLUSION

The Motion is **GRANTED**. The Clerk shall transfer this action to the United States District Court for the Eastern District of Pennsylvania.

IT IS SO ORDERED.